**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Steve Bloom, directly and derivatively,

Plaintiff,

v.

Gregory Alan Mader, individually and as Trustee of The Mader Trust dated May 30, 2017; Ronda Mader; Pragmatek Consulting Group, Ltd, a Minnesota corporation; and Open Source Integrators, Inc., a Wyoming corporation,

Defendants.

Case No. 25-cv-3957 (NEB/SGE)

**ORDER**

---

This matter is before the Court upon Plaintiff Steve Bloom's Renewed Motion to Compel Discovery. (Dkt. 47.) For the reasons set forth below, Plaintiff's Motion is **GRANTED**.

## BACKGROUND

On June 4, 2026, the Court granted in part and denied in part Mr. Bloom's Motion to Compel Discovery. (Dkt. 41.) Among other things, the Court ordered the parties to "participate in a robust meet and confer on any alleged deficiencies" to the production as ordered by the Court. (*Id.*) The Court also ordered the parties to submit a meet and confer statement by June 16, 2026. (*Id.*) Lastly, the Court ordered that if there were any deficiencies in the production that could not be resolved via meet and confer, Mr. Bloom could renew his motion to compel by the non-dispositive deadline of July 14, 2026. (*Id.*)

On June 16, 2026, the parties submitted a letter and lengthy joint summary of their meet and confer process. (Oliver Decl. Ex. 7.) The letter states that the parties meet and confer resulted in the "resolution or narrowing of numerous issues" and identified "several categories of documents that Defendants have agreed to review for supplemental production and/or produce by June 26, 2026." (*Id.* at 1.) Based on the submission, it appeared that the parties might be able to sort out their discovery issues without court intervention.

However, on July 14, 2026, Mr. Bloom filed a renewed motion to compel, the deadline for doing so. (Dkt. 47.) On September 10, 2026, Mr. Bloom filed his memorandum and supporting papers. (Dkts. 50-53.) The newly filed meet and confer statement echoes the June 16, 2026, meet and confer statement, which indicated that the parties discussed the matter on June 15 and 16, 2026. (Dkt. 47.) The recently filed Declaration of Amanda Oliver provides more detail, however. (Dkt. 50.) The declaration states that the parties discussed Defendants' supplemental productions and related deficiencies on June 29, June 30, July 13, and July 14. (Oliver Decl. ¶¶ 22, 26, 34.) In addition, Mr. Bloom sent deficiency letters to Defendants on August 14, 2026, and September 2, 2026. (*Id.* ¶¶ 34, 35.) Still, the parties were unable to resolve their issues and Mr. Bloom proceeded with the Motion.

The Court held a hearing September 24, 2026. (Dkt. 55.) At the hearing, Defendants confirmed that they have not produced any additional documents, as they had agreed to in June, and that the parties are essentially back to square one with respect to document

production.[1] Counsel for Defendants stated that he has worked closely with his clients to ensure a complete production and that he has received and reviewed all documents responsive to the requests at issue. He also represented that he is undertaking another review of the documents to ensure that responsive documents have not been withheld unintentionally. Mr. Bloom believes that additional responsive documents remain outstanding as evidenced by the recent deposition testimony of Defendants Gregory and Ronda Mader and witnesses Sean Larkin and Christopher Cappelli. (*See* Oliver Decl. Ex. 17.)

Mr. Bloom also contends that certain of the documents identified on Defendants' privilege log are not privileged because they contain business rather than legal advice. (*Id.* Ex. 20.) As to that issue, the Court ordered Defendants to submit specific documents to the Court for *in camera* review. (Dkt. 55.) The documents have been provided as ordered and the Court will issue a separate ruling as it relates to them. This Order will address the other responsive documents that Mr. Bloom believes are outstanding.

## ANALYSIS

### I. Motion to Compel

Federal Rule of Civil Procedure 26 provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Rule 26(b) of the Federal Rules of Civil Procedure is widely recognized as a discovery rule which is liberal in scope

---

[1] The parties agree that third-party subpoena documents have been provided, however.

and interpretation, extending to those matters which are relevant and reasonably calculated to lead to the discovery of admissible evidence." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992).

Courts have broad discretion in handling pretrial procedure and discovery. *See, e.g.*, *Rowles v. Curators of Univ. of Mo.*, 983 F.3d 345, 353 (8th Cir. 2020) ("A district court has very wide discretion in handling pretrial discovery . . .." (quotation omitted)); *Solutran, Inc. v. U.S. Bancorp*, No. 13-CV-2637 (SRN/BRT), 2016 WL 7377099, at *2 (D. Minn. Dec. 20, 2016) ("[M]agistrate judges are afforded wide discretion in handling discovery matters and are free to use and control pretrial procedure in furtherance of the orderly administration of justice.") (cleaned up).

Defendants argue at the outset that the Motion should be summarily denied because it was filed as a placeholder to address issues that have not yet arisen and because the parties have not met and conferred. The Court disagrees. This discovery dispute has been ongoing for months. The parties are fighting over the same requests that were at issue in the Court's June 4, 2026, hearing and Order, and Defendants' continued failure to produce responsive documents. As set forth above, the parties robustly met and conferred after the June hearing and exchanged numerous letters thereafter. The matter is therefore properly before the Court as a renewed motion.

As to the documents themselves, the Court notes no disagreement between the parties that they are responsive to pending document production requests. The question is whether Defendants have any additional documents to provide. Ultimately, the Court cannot order Defendants to produce documents that do not exist, and counsel for

Defendants has said multiple times to the Court that it has produced all responsive documents that exist. As an officer of the Court and an attorney subject to Federal Rules of Civil Procedure 11 and 37, Defendants' counsel should give the Court no reason to doubt his sincerity. The problem here is that his own clients and witnesses have testified that additional responsive documents exist that have not been produced. Under these circumstances, the Court must do more than simply rely on the statements of counsel to ensure that Mr. Bloom receives all responsive documents he is due.

The categories of missing documents are as follows: shareholder documents; valuation materials from the Mark Debinski share repurchase; Mr. Bloom's personnel file; documents discussing Mr. Bloom's termination at the company and board of director levels; board meeting recordings, board packets, and PowerPoint presentations to the board; documents responsive to Requests for Production Numbers 4-7, 11-13, and 22, which relate to Mr. Bloom's alleged termination for cause, his alleged breach of the stock purchase agreement, his alleged breach of the employment agreement, and the allegation that he misrepresented material information during Defendant Open Source Integrators, Inc.'s purchase of Defendant Pragmatek Consulting Group, Ltd. (Dkt. 53, at 17-18.) As noted, there is deposition testimony supporting Mr. Bloom's belief that documents in those categories exist or at least existed at one time. (*Id.* at 20-21.) Defendants' assertion that they did not or no longer exist requires more scrutiny in light of the recent deposition testimony of his clients and witnesses.

Given the foregoing, the Court will grant Mr. Bloom's Renewed Motion to Compel and will order the following to enable him to fully and fairly explore whether the missing documents exist and, if they no longer exist, the circumstances of their destruction:

1. Mr. Bloom shall have an additional twenty interrogatories limited to the topic of whether the documents at issue in his Renewed Motion to Compel exist, who possesses them, and if they were destroyed, when and by whom;

2. Defendants' responses must be signed and verified by Defendants and Defendants' counsel;

3. Mr. Bloom shall have an additional four hours each in which to depose Greogory Mader and Ronda Mader. This additional time does not include the time still remaining on their originally noticed depositions; and

4. If the interrogatories and depositions reveal the existence of additional documents currently missing from Defendants' production, they must be disclosed and produced immediately, barring any legitimate privilege concerns. If Defendants believe any documents contain privileged information, they must be noted on Defendants' privilege log in sufficient detail to allow for an initial assessment of whether they are indeed privileged.

The Court declines to issue sanctions under the Federal Rules of Civil Procedure at this time.

## II. Informal Dispute Resolution

In addition to the Motion to Compel, the parties submitted letters to the Court on September 15, 2026, seeking extensions and proposed changes to certain deadlines in the

Pretrial Scheduling Order (Dkt. 21). In their letters, the parties disagree as to the extension of deadlines as follows:

| Current Deadline | Def Proposed Deadline | Pl Proposed Deadline |
|---|---|---|
| Depositions: July 31, 2026 | Nov. 15, 2026 | Oct. 30, 2026 |
| Non-Disp. Mot. (Fact): July 14, 2026 | Dec. 15, 2026 | No Change |
| Disp. Mot.: Oct. 30, 2026 | Feb. 26, 2026 | No Change |
| Expert Discl.: Aug. 14, 2026 | Oct. 30, 2026 | Sept. 30, 2026 |
| Rebuttal Expert Discl.: Oct. 15, 2026 | Nov. 30, 2026 | Oct. 30, 2026 |
| Non-Disp. Mot. (Expert): Nov. 13, 2026 | Jan. 1, 2026 | Dec. 15, 2026 |
| All Expert Disc.: Nov. 30, 2026 | Jan. 15, 2027 | Dec. 14, 2026 |
| Trial: Feb. 22, 2027 | TBD | No Change |

Mr. Bloom also seeks to set deadlines for (1) issuing third-party subpoenas on Oct. 30, 2026, and (2) motions to enforce third-party subpoenas on October 30, 2026. Mr. Bloom notes, however, that because time has elapsed since making these recommendations to Defendants, the dates may need to be extended.

Defendants argue that non-cooperative third parties from whom discovery is being sought, the continued depositions of Greg and Rhonda Mader, noticed third-party current and former board member depositions, outstanding discovery responses and documents owed by Plaintiff to Defendants, Plaintiff's repeated requests to extend expert disclosure deadlines and related discovery, and the repeated rescheduling of Plaintiff's deposition all support their suggested extensions. Mr. Bloom argues that the dates he suggests strike the right balance between what still needs to be accomplished and maintaining a reasonable litigation schedule without rewarding Defendants with additional time for causing the delay. The Court agrees with Mr. Bloom. The Court will extend certain deadlines as follows:

| Current Deadline | New Deadline |
|---|---|
| Depositions: July 31, 2026 | November 16, 2026 |
| Non-Disp. Mot. (Fact): July 14, 2026 | CLOSED |
| Disp. Mot.: Oct. 30, 2026 | December 16, 2026 |
| Expert Discl.: Aug. 14, 2026 | Oct. 30, 2026 |
| Rebuttal Expert Discl.: Oct. 15, 2026 | Nov. 30, 2026 |
| Non-Disp. Expert Mot.: Nov. 13, 2026 | December 16, 2026 |
| Expert Disc.: Nov. 30, 2026 | Jan. 15, 2027 |
| Trial: Feb. 22, 2027 | TBD |

Additionally, all third-party subpoenas shall be issued by October 23, 2026, all third-party subpoena productions shall be due on November 12, 2026, and all motions seeking to enforce third-party subpoenas must be filed by November 30, 2026.

## CONCLUSION

Based on the foregoing and the file, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff's Renewed Motion to Compel (Dkt. 47) is **GRANTED** as set forth above; and

2. The Informal Dispute Resolution brought before the Court is resolved as set forth above. The Court will issue an Amended Pretrial Scheduling Order accordingly.

Dated: October 9, 2026

*s/ Shannon G. Elkins*
SHANNON G. ELKINS
United States Magistrate Judge